# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7193 | DATE | 6/27/2003 |
| CASE TITLE | Sophie Quinn vs. Illinois Department of Children etc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the above reasons, DCFS' motion to dismiss is granted and plaintiff's motion to strike is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | 28 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUN 27 AM 9:12 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SOPHIE QUINN,            )
                         )
            Plaintiff,   )
                         )
       vs.               )   No. 02 C 7193
                         )
ILLINOIS DEPARTMENT OF CHILDREN  )
AND FAMILY SERVICES,     )
                         )
            Defendant.   )

DOCKETED
JUN 3 0 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Sophie Quinn brought this action against the Illinois Department of Children and Family Services (DCFS) seeking review of a final administrative decision. DCFS moves to dismiss. For the following reasons, DCFS' motion is granted.

On March 4, 2002, DCFS' Administrative Hearing Unit (AHU) denied plaintiff's request for expungement of a child abuse/neglect record (*cplt, exh. A*). On April 9, 2002, plaintiff brought suit against DCFS in the Circuit Court of Cook County seeking review of the expungement denial *(cplt, exhs. B and B1)*. DCFS moved to dismiss the complaint on the basis that it was untimely. On October 7, 2002, plaintiff filed a notice of removal in this court. On October 8, 2002, the Circuit Court of Cook County issued an order granting defendant's motion to dismiss (*mo. to dismiss, exh. A*).

We first note that it is not proper for plaintiff to seek removal to federal court since it is plaintiff who initially chose to bring this action to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S.100 (1941). It also appears that while plaintiff was proceeding in this court she simultaneously sought review of the circuit court's dismissal within the state court system

*(mot. to dismiss exh.B)*. Additionally, plaintiff's complaint, even viewed under the less stringent standards for *pro se* pleadings, does not sufficiently provide a plain statement of the claim as provided by Federal Rule of Civil Procedure 8(a).

While improper removal, our limited jurisdiction over matters before the state courts and failure to comply with Rule 8(a), each provide independent grounds for dismissal, for the sake of thoroughness we address the Eleventh Amendment issue. Plaintiff has brought this suit against DCFS seeking monetary damages. As a statewide agency, DCFS is treated as the State of Illinois for Eleventh Amendment purposes. Kroll v. Board of Trustees of Univ. of Illinois, 934 F.2d 904, 907 (7th Cir. 1991). Under the Eleventh Amendment, a state cannot be sued by a private citizen in federal court without its consent. Edelman v. Jordan, 415 U.S. 651, 663 (1974). Also, a state is immune from any liability that would require paying damages from public funds. *Id.*

In her response to the motion to dismiss plaintiff focuses primarily on the identity of defendant's counsel, an issue that has already been addressed by this court *(see Minute Order of 5/13/03 granting DCFS' motion to quash subpoenas)*. Defense counsel are properly licensed to represent their client and plaintiff's motion to strike the appearances of attorneys Greenspan and Steimel is denied.

For the above reasons, DCFS' motion to dismiss is granted and plaintiff's motion to strike is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 27, 2003.